## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Judge ~~Cassling~~  COX |
| | ) | |
| _____ | ) | |
| | ) | |
| Robert M. Kowalski, | ) | Adversary No. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Martha Padilla, Christopher Wehrman, | ) | |
| Geraldine Holt, Joel Levin, and | ) | |
| James Palmisano, | ) | |
| | ) | |
| Defendants. | ) | |

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUL 08 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

---

Information required by 11 U.S.C. §342(c)
Robert M. Kowalski
Inmate #20190603191; P.O. Box 089002
Chicago, IL 60608
Tax Identification Number: xxx-xx-7315

---

## DEBTOR'S COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

**NOW COMES** the Debtor, ROBERT KOWALSKI ("Robert"), for his Complaint

for Violation of the Automatic Stay, states as follows:

1.    Plaintiff, Robert Kowalski, is the Debtor in the underlying bankruptcy case and

resides at 2700 S. California Avenue, Chicago, Cook County, Illinois 60608.

2.    Defendant, Martha Padilla, is an individual residing at 1512 West Polk Street,

Chicago, Cook County, Illinois.

3.    Defendant, Christopher Wehrman, is an individual doing business at 330 N. Wabash, Suite 330, Chicago, Cook County, Illinois 60611.

4.    Defendant, Geraldine Holt, is an individual doing business at 180 N. LaSalle Street, Suite 3700, Chicago, Cook County, Illinois 60601.

5.    Defendant, Joel Levin, is an individual doing business at 180 N. LaSalle Street, Suite 1822, Chicago, Cook County, Illinois 60601.

6.    Defendant, James Palmisano, is an individual doing business at 10750 W. 143rd Street, Suite 63, Orland Park, Cook County, Illinois 60462.

7.    Jurisdiction of this Court is proper pursuant to 28 U.S.C.§157(b)(1) in that this action arises under the Chapter 7 bankruptcy case In re Robert M. Kowalski, Debtor, filed in this district and division at docket 18-09130 and is a core proceeding.

8.    Plaintiff filed his Chapter 11 case on March 29, 2018, triggering an automatic stay, pursuant to 11 USC §362(a) of all debt collection against the Debtor.

## Count I: Defendants', Wehrman, Holt, Levin and Palmisano's, Post-Petition Actions Violating the Automatic Stay

9.    Defendants had actual knowledge of the automatic bankruptcy stay.

10.    Having actual knowledge, Defendants are credited with the knowledge that their collection activities are prohibited and that they are liable for any violation that takes place. None of these qualify as domestic support obligations pursuant to Section 362 of the Code.

11.    Following entry of the March 29, 2018 Order, Defendants, Padilla, Wehrman, Holt, Levin and Palmisano, nonetheless initiated and prosecuted debt collection proceedings by issuing invoices demanding payment and by bringing legal claims against Plaintiff.

12.     Defendants Wehrman, Holt, Levin and Palmisano did not and have not filed a
Motion to Lift the Stay. A Motion to Lift the Stay was required to be granted PRIOR to
initiation of collection actions.

13.     Issuing invoices demanding payment and bringing legal claims is in active denial
of the pendency of the automatic stay and violates the automatic stay.

14.     The automatic stay provides a period of time in which all judgments, collection
activities, foreclosures, and repossessions of property are suspended and may not be
pursued by the creditors on any debt or claim that arose before the filing of the
bankruptcy petition. The stay goes into effect automatically when the bankruptcy
petition is filed. The stay is designed to provide a breathing spell for the debtor, during
which negotiations can take place to try to resolve the difficulties in the debtor's
financial situation. Defendants proceeding in spite of the express stay has frustrated
and denied Robert his rights to the automatic stay.

15.     Defendants intentionally proceeding with collection activities notwithstanding its
actual knowledge of the pendency of the automatic stay is intentional and with
deliberate disregard for the authority of this Court.

16.     Penalties for violation of the automatic stay include compensation for any
damages suffered by Robert as a result of the violation of the stay including out-of-
pocket costs, attorney fees, costs, pain, suffering and mental anguish.

17.     The actions of Defendants have caused Plaintiff to experience worry, stress,
panic-attacks and concerns that are separate from the anxiety about the bankruptcy.
Plaintiff's reactions and emotions are not fleeting or inconsequential. Plaintiff suffered
significant emotional harm as a result of Defendants' conduct in willfully violating the
automatic stay. The circumstances surrounding the violation make it obvious that a

reasonable person would suffer significant emotional harm.  Plaintiff suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

18.     Defendants have willfully failed and refused to comply with the automatic stay.

19.     Defendants' failure to comply with automatic stay is willful.

20.     Defendants' conduct violated 11 U.S.C. §362(a).

21.     Robert has been forced to file this petition and seek court intervention as the result of Defendants' failure to abide by the automatic stay and, accordingly, Defendants should be required to pay Robert's usual and customary attorney's fees.

**WHEREFORE,** the Plaintiff, ROBERT KOWALSKI, respectfully requests:

A.     an Order declaring the Defendants, Christopher Wehrman, Geraldine Holt, Joel Levin, and James Palmisano, guilty of civil contempt by violating the automatic stay;

B.     awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. §362(k) and for contempt of court;

C.     an award of reasonable attorney's fees pursuant to 11 U.S.C. §362(k); and

D.     For such other relief as this Honorable Court deems equitable and just under the facts and circumstances of this cause.

## Count II: Defendant, Padilla's, Post-Petition Actions Prior to the Limited Lifting of the Stay

22.     Plaintiff incorporates Paragraphs 1 through 8 above as though set forth fully herein.

23.     Defendant, Padilla, had actual knowledge of the automatic bankruptcy stay.

24.   Having actual knowledge, Defendant, Padilla, is credited with the knowledge that her collection activities are prohibited and that she is liable for any violation that takes place.

25.   On March 29, 2018, the automatic stay became effective upon Plaintiff's filing for Chapter 11 protection.

26.   On March 29, 2018, Defendant, Padilla, had actual knowledge of a court Order entered by Judge William S. Boyd staying the dissolution of marriage proceedings in case no. 14 D 6997.

27.   Following entry of the March 29, 2018 Order and following entry of a child support order on April 20, 2018, Defendant, Padilla, nonetheless filed, initiated and prosecuted a barrage of no less than twenty separate actions all seeking monetary damages, all without seeking leave from the Bankruptcy Court to lift the stay.  They are as follows:

1.  Petition for Rule to Show Cause and Motion to Compel filed April 18, 2018
2.  Motion for Sanctions for Inaccurate or Misleading Affidavit, Rule 137 Petition for Sanctions filed May 11, 2018
3.  Petition for Attorneys Fees filed June 8, 2018
4.  Motion to Modify Contribution to Child Related Expenses filed May 18, 2018
5.  4th Petition for Rule to Show Cause and for Other Relief filed June 1, 2018 [for attorney's fees]
6.  Motion for Direct Criminal Contempt filed on June 8, 2018
7.  Rule 137 Petition for Sanctions filed on May 11, 2018
8.  Petition for Adjudication of Direct Criminal Contempt of Court filed June 8, 2018
9.  Martha Padilla's Motion for Re-Allocation of Dr. Kraus Fees in the above captioned matter filed June 20, 2018
10. Subpoena to Veronica Alverez issued on May 31, 2018
11. Subpoena to SDC Properties issued on May 18, 2018
12. Subpoena to Haggerty Chevrolet issued on May 11, 2018
13. Subpoena to Webb Chevrolet issued on May 11, 2018
14. Subpoena to Royal Bank issued on May 15, 2018
15. Subpoena to Washington Federal Bank on May 15, 2018
16. Subpoena to Citibank, NA issued on June 11, 2018
17. Subpoena to Natalie Lira issued on June 15, 2018

18. Subpoena to Capital One Auto Finance issued on June 20, 2018
19. Subpoena to Allstate Insurance Company issued on June 20, 2018
20. Subpoena to Chicago Title Land Trust Company issued on July 26, 2018

28.     None of these pleadings, motions and discovery is related to establishment or

modification of support or best interests of the child.  The April 20, 2018 child support

determination is *res judicata* as to then existing facts.  The April 20, 2018 child support

order is modifiable only upon a showing of a substantial change in circumstances or a

need to provide for the health care needs of the child, none of which is present.  The

pleadings, motions and discovery presented and prosecuted by Defendant, Padilla, did

not relate to the best interests of the minor child and remained stayed.

29.     Recognizing the impropriety of proceeding with this property and debt issues in

light of Robert's bankruptcy filing, Defendant, Padilla, *after* taking all these actions filed

a Motion to Lift Stay on July 22, 2018 in this Federal Bankruptcy Court.  However, the

Motion to Lift the Stay was required to be granted PRIOR to initiation of these actions,

not subsequent.  Filing, issuing, and prosecuting these actions in active denial of the

pendency of the automatic stay violates the automatic stay.  Defendant, Padilla's,

Motion to Lift Stay recognizes the impropriety of violating the stay and seeks to

retroactively authorize divorce proceedings.  The automatic stay provides a period of

time in which all judgments, collection activities, foreclosures, and repossessions of

property are suspended and may not be pursued by the creditors on any debt or claim

that arose before the filing of the bankruptcy petition.  The stay goes into effect

automatically when the bankruptcy petition is filed.  The stay is designed to provide a

breathing spell for the debtor, during which negotiations can take place to try to resolve

the difficulties in the debtor's financial situation.  Defendant, Padilla, proceeding in

spite of the express stay has frustrated and denied Robert his rights to the automatic stay.

30.     Defendant, Padilla's, intentionally proceeding with collection activities notwithstanding their actual knowledge of the pendency of the automatic stay is intentional and with deliberate disregard for the bankruptcy court's authority.

31.     Following entry of the March 29, 2018 Order, Defendant, Padilla, nonetheless initiated and prosecuted debt collection proceedings by bringing legal claims against Plaintiff.

32.     Defendant, Padilla, did not have a Motion to Lift the Stay granted prior to proceeding.  A Motion to Lift the Stay was required to be granted PRIOR to initiation of collection actions.

33.     Bringing legal claims is in active denial of the pendency of the automatic stay and violates the automatic stay.

34.     The automatic stay provides a period of time in which all judgments, collection activities, foreclosures, and repossessions of property are suspended and may not be pursued by the creditors on any debt or claim that arose before the filing of the bankruptcy petition.  The stay goes into effect automatically when the bankruptcy petition is filed.  The stay is designed to provide a breathing spell for the debtor, during which negotiations can take place to try to resolve the difficulties in the debtor's financial situation.  Defendant, Padilla, proceeding in spite of the express stay has frustrated and denied Plaintiff his rights to the automatic stay.

35.     Defendant, Padilla, intentionally proceeding with collection activities notwithstanding its actual knowledge of the pendency of the automatic stay is intentional and with deliberate disregard for the authority of this Court.

36.     Penalties for violation of the automatic stay include compensation for any damages suffered by Plaintiff as a result of the violation of the stay including out-of-pocket costs, attorney fees, costs, pain, suffering and mental anguish.

37.     The actions of Defendant, Padilla, have caused Plaintiff to experience worry, stress, panic-attacks and concerns that are separate from the anxiety about the bankruptcy.  Plaintiff's reactions and emotions are not fleeting or inconsequential. Plaintiff suffered significant emotional harm as a result of Defendant's conduct in willfully violating the automatic stay.  The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. Plaintiff suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

38.     Defendant, Padilla, has willfully failed and refused to comply with the automatic stay.

39.     Defendant, Padilla's, failure to comply with automatic stay is willful.

40.     Defendant, Padilla's, conduct violated 11 U.S.C. §362(a).

41.     Plaintiff has been forced to file this petition and seek court intervention as the result of Defendant, Padilla's, failure to abide by the automatic stay and, accordingly, Defendant, Padilla, should be required to pay Plaintiff's usual and customary attorney's fees.

**WHEREFORE**, the Plaintiff, ROBERT KOWALSKI, respectfully requests:

A.     an Order declaring the Defendants, Martha Padilla, Christopher Wehrman, Geraldine Holt, Joel Levin, and James Palmisano, guilty of civil contempt by violating the automatic stay;

8

B.     awarding Plaintiff compensatory damages, punitive damages, and costs pursuant

to 11 U.S.C. §362(k) and for contempt of court;

C.     an award of reasonable attorney's fees pursuant to 11 U.S.C. §362(k); and

D.     For such other relief as this Honorable Court deems equitable and just under the

facts and circumstances of this cause.

## **Count III: Defendant, Padilla's, Post-Petition Actions Exceeding the Limited**

## **Lift of the Stay**

42.    Plaintiff incorporates Paragraphs 1 through 31 above as though set forth fully

herein.

43.    On August 14, 2018, Judge Cox entered an Order which provides:

> IT IS FURTHER ORDERED that the automatic stay s modified to permit
> continuation of the following proceedings against the Debtor:
>
>> B.     The prosecution of all civil and criminal contempt motions.
>
> IT IS FURTHER ORDERED that the issue of stay relief to allow *the
> State Court to make a division or distribution of the marital estate*
> between Martha Padilla and the Debtor is entered and continued.
>
> IT IS FURTHER ORDERED that the issue of stay relief for
> ***payment of domestic support obligations from property of the
> bankruptcy estate is entered and continued***.
>
> IT IS FURTHER ORDERED that the court will hold a status
> hearing on the issue of stay relief to allow the State Court to make a
> distribution of the marital estate between Martha Padilla and the Debtor;
> and the issue of stay relief for payment of domestic support obligations
> from property of the bankruptcy estate on September 26, 2018.

44.    Accordingly, the August 14, 2018 Order allowed the determination of a domestic

support obligation, but <u>not</u> payment from the estate, as the stay was <u>not</u> lifted as to

property of the estate.  Similarly, it allowed the proceedings relating to civil or criminal

contempt to be prosecuted, but <u>not</u> paid from the property of the estate.

45.   On December 6, 2018, Judge Cox entered a "Second Order on Martha Padilla's Motion for Relief from the Automatic Stay", providing, in pertinent part, as follows:

> In *In re Thorpe* the Seventh Circuit ruled that at the filing a divorce action under Illinois law the spouses are each vested with contingent interests in the entire marital estate. *In re Thorpe*, 881 F.3d 536 (7th Cir. 2018). In that case the *state court ordered the division of the marital estate post-bankruptcy.*
>
> The state court has not yet divided the Kowalskis' marital property. ...The Trustee's efforts undoubtedly assist the state court.
>
> The Bankruptcy Code provides that the automatic stay does not stay the commencement, or continuation of a civil action to establish paternity, *the entry of an order establishing domestic support obligations*, or orders concerning child custody or visitation. 11 U.S.C. §362(b)(2). *Nor does the automatic stay affect the collection of a domestic support obligation from property that is not property of the bankruptcy estate*. 11 U.S.C. §362(b)(2)(B).
>
> The problem is that no one knows yet what is property of the bankruptcy estate. The Rule 2004 examination of the Debtor has yet to conclude and he has yet to furnish a password for an email account. The Trustee is under an affirmative duty to investigate the Debtor's affairs in order to discover and recover assets of the bankruptcy estate. *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).
>
> Trustee Paloian is correct that *this is not the best point in time to allow the state court to divide the Kowalskis' marital estate*. His family is not the Debtor's only creditor. (Emphasis added).

46.   A child support order had previously been entered on April 20, 2018. This was after the stay went into effect on March 29, 2018 and prior to the December 6, 2018 order lifting the stay for domestic support obligations from property that is not property of the estate.

47.   The bankruptcy stay has <u>not</u> been lifted and remains firmly in place for income and property that is part of the bankruptcy estate.

48.   In other words, domestic support obligations may be collected from Attorney Kowalski from property that is <u>not</u> part of the bankruptcy estate. However, as the bankruptcy court found, "no one knows yet what is property of the bankruptcy estate", and by definition, no one knows what is <u>not</u> property of the estate.

49.    On November 30, 2018, the Bankruptcy Court converted Robert's case to a Chapter 7 liquidation.  The Chapter 7 Trustee is in the process of liquidating Robert's estate to pay creditors.

50.    Requiring any payments from Attorney Kowalski, other than domestic support obligations from property that is *not* part of the estate, remains barred by the automatic bankruptcy stay which remains firmly in place.

51.    On January 24, 2019, Defendant, Padilla, proceeded with court actions other than for domestic support obligations.  Pursuant to Defendant, Padilla's, Motions, a body attachment order was entered against Robert for "enforcement of Respondent/Obligor's child support obligation."  This Order required a deposit of $225,628.08 for Robert's release.  Judgments totaling $206,804.03 were contemporaneously entered representing: 508(b) attorney's fees of $18,162.50, Rule 137 fees of $2,625.00, attorney's fees of $69,669.16, guardian ad litem fees of $106,347.37. All these fees were incurred prior to the inception of Plaintiff's bankruptcy proceeding and are properly debts of the bankruptcy estate.

52.    On January 24, 2019, Defendant, Padilla, did not present any sworn testimony of a child support arrearage due and owing.  No exhibits were marked, identified or admitted into evidence.  Defendant, Padilla, presented extensive argument that Plaintiff spent funds **prior** to the bankruptcy.  The matter can on for hearing on sanctions – not child support.

53.    The January 24, 2019 Orders are money judgments for Defendant, Padilla's, attorney's fees for sanctions which are not related to domestic support obligations. These attorneys are judgment creditors.  Defendant, Levin, having filed claims in the bankruptcy proceeding.  The stay has not been lifted (and they have not so sought) to

11

allow them to proceed to <u>collect</u> their debts. Collection from the marital estate is similarly barred by the automatic stay, Judge Cox's orders, and court's March 29, 2018 Order. Further, any efforts to collect violate the automatic bankruptcy stay.

**WHEREFORE**, the Plaintiff, ROBERT KOWALSKI, respectfully requests:

A.    an Order declaring the Defendant, Martha Padilla, guilty of civil contempt by exceeding the scope of the limited lifting of the automatic stay by demanding payment from the bankrupt estate;

B.    awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. §362(k) and for contempt of court;

C.    an award of reasonable attorney's fees pursuant to 11 U.S.C. §362(k); and

D.    For such other relief as this Honorable Court deems equitable and just under the facts and circumstances of this cause.

_____
Robert M. Kowalski

Robert M. Kowalski
Inmate #20190603191
PO Box 089002
DIV2-D2-N-45
Chicago, Illinois  60608

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Robert Kowalski | **DEFENDANTS**<br>Martha Padilla, Christopher Wehrman, Geraldine Holt, Joel Levin and James Palmisano |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>pro se | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>■ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
362(k)

*Debtor's Complaint for Violation of the Automatic Stay*

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- ■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- ■ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 08 2019
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

mandatory damages, punitive damages and attorney fees

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Robert Kowalski | BANKRUPTCY CASE NO.<br>18-bk-09130 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern Illinois | DIVISION OFFICE<br>Chicago | NAME OF JUDGE<br>Cassling |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature] Dan R Kowalski agent for Robert M Kowalski* | | |
| DATE<br>July 4, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert Kowalski | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.